# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| RUSSELL STRICKLAND, | Case No. 2:20-cv-01094-JDP (SS) |
|---|---|
| Plaintiff, | ORDER DENYING CLAIMANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | ECF No. 18 |
| COMMISSIONER OF SOCIAL SECURITY, | ORDER GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT |
| Defendant. | ECF No. 20 |

Russell Strickland challenges the final decision of the Commissioner of Social Security denying his application for Supplemental Security Income and Title II disability benefits. The administrative law judge ("ALJ") found that Strickland had severe impairments and was limited to light work, but that he could continue to perform past relevant work; therefore, he found that Strickland was not disabled. Strickland raises two points of error. First, he argues that the ALJ erred in finding that that he could stand and walk for up to four hours each day while also finding that he needed a sit-stand option in 30-minute intervals, which Strickland characterizes as vague and internally inconsistent. The Commissioner responds by pointing out that 30-minute intervals over the course of an eight-hour workday would result in a maximum standing time of four hours

each day, so the two findings are consistent with each other. The Commissioner further points out that nothing in the record suggests that the sit-stand option was vague; on the contrary, Strickland's lawyer and the testifying vocational expert both utilized this language during Strickland's final hearing. In his second point, Strickland argues that the ALJ erred in finding that he had past relevant work as a parts order and stock clerk. He asserts that, while his past work bears some resemblance to this occupation, it was not his actual occupation. The Commissioner responds by citing vocational expert testimony regarding claimant's past relevant work experience, which the Commissioner asserts provided substantial evidence for this finding.

The case is submitted on claimant's motion for summary judgment, ECF No. 18, to which the Commissioner has filed an opposition and cross-motion for summary judgment, ECF No. 20. The matter is ripe for review, and this court now denies claimant's motion for summary judgment and grants the Commissioner's cross-motion for summary judgment.[1]

## I.     STANDARD OF REVIEW

The court's review is limited. On appeal, I ask only whether substantial evidence supports the factual findings of the ALJ and whether the ALJ applied the correct legal standards. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); 42 U.S.C. § 405(g). As such, I apply a deferential standard of review and will uphold the ALJ's decision if a reasonable person could find the evidence sufficient to support the ALJ's findings. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) ("'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."). I will uphold the ALJ's decision if it is rational, even if there is another rational interpretation of the evidence, because the court may not substitute its own judgment for that of the ALJ. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

A motion for summary judgment may be granted only when the there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The burden of establishing that there is no genuine issue of material fact lies with the moving

---

[1] Both parties have consented to magistrate judge jurisdiction. ECF Nos. 6, 8.

party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party has met that burden by "presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, [Fed. R. Civ. P. 56(e)(2)] shifts to [the nonmoving party] the burden of presenting specific facts showing that such contradiction is possible." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 950-52 (9th Cir. 1978).

## II. BACKGROUND

Claimant applied for supplemental security income and disability insurance benefits in December 2013, alleging disability since November 26, 2012. AR 543-49, 550-58. In his disability report, he indicated that his disability resulted from degenerative disc disease, failed back syndrome, back surgery, disc protrusion, spondylosis, stenosis, and hypertrophy. AR 615, 625. Prior to filing for disability, claimant had worked as an auto parts manager for roughly 10 years. AR 88, 90. He reported that he could no longer work due to his back pain and reduced ability to lift. AR 55-56, 157-58, 165.

SSA denied claimant's application both initially and upon reconsideration, after which he requested a hearing before an ALJ. AR 189-272. The ALJ held a first hearing in March 2016 and issued a decision finding that claimant was not disabled. AR 35-69. Claimant requested a review of the ALJ's decision, and the Appeals Council remanded for further proceedings. AR 276-85, 292-96. On remand, a hearing was held in August 2018, at which both claimant and vocational expert ("VE") David Dettmer testified. AR 70-116. When the initially assigned ALJ became unavailable, the case was reassigned, and two more hearings were held, at which both claimant and VE Dettmer again testified.[2] AR 117-88. Separately, claimant retained Rodney Schilling, M.S., Certified Rehabilitation Counselor, who submitted reports in March and April of 2019. AR 748-53, 765-70. On May 7, 2019, the ALJ issued a decision, again finding that claimant was not disabled. AR 15-25. Claimant requested a further review, and the Appeals Council denied the request. AR 1-6. Claimant now seeks judicial review under 42 U.S.C. § 405(g).

---

[2] Since the particular ALJ rendering a decision does not impact my analysis, I will refer only to "the ALJ," even though two ALJs conducted hearings and rendered decisions.

3

**III. ANALYSIS**

An ALJ determines eligibility for Social Security benefits in a five-step sequential evaluation process, asking: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments listed in the regulations; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018); 20 C.F.R. §§ 404.1520, 416.920. The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f)*; Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

At step one, the ALJ found that claimant had not engaged in substantial gainful activity since his alleged disability onset date of November 26, 2012. AR 18. At step two, the ALJ found that claimant had a range of severe heart, back, knee, and other physical impairments.[3] AR 18. At step three, the ALJ found that claimant did not have an impairment or combination of impairments that met or functionally equaled the severity of the listed impairments. AR 18. Before proceeding to step four, the ALJ determined that claimant's RFC permitted him to perform light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b), so long as the work was consistent with a lengthy list of physical limitations.[4] *See* AR 19. At step four, the ALJ

---

[3] The ALJ found that claimant had the following severe impairments:

> ischemic cardiomyopathy status post coronary bypass graft x 3; atherosclerotic heart disease with history of multiple stents; chronic kidney disease; hypothyroidism; disc protrusion at L5-S1, lumbar degenerative disc disease, spondylosis, stenosis and hypertrophy; status post back surgery x 2; failed back syndrome; obesity; hypertension; diabetes mellitus; left foot fourth metatarsal fracture status post open reduction and internal fixation; left knee medical and lateral meniscus tears; and bilateral knee chondrocalcinosis.

AR 18.

[4] As listed in the RFC, the ALJ found that claimant could perform light work,

4

found that claimant was capable of performing past relevant work as parts order and stock clerk. AR 24. The ALJ therefore found that claimant was not disabled and did not proceed to step five. AR 25.

**A. RFC's Sit-Stand Option**

Claimant argues that the RFC is reversibly vague, and that the RFC's sit-stand option is inconsistent with the finding that claimant could perform light work and stand and walk for four hours per workday. *See* ECF No. 18 at 20. The Commissioner responds that the sit-stand option is compatible with both the general light work requirements and the ALJ's specific four-hour-standing-and-walking finding, since "spending 30 minutes sitting and the next 30 minutes standing means that [claimant] will stand for at most four hours out of his eight-hour workday." ECF No. 20 at 15.

A claimant's RFC is what he can still do despite his limitations. *See Mayes v. Massanari,* 276 F.3d 453, 460 (9th Cir. 2001). An ALJ's RFC determination must be based on medical opinions and the totality of the record. *See* 20 C.F.R. §§ 416.927(b), 416.946(c). As part of a claimant's RFC, an ALJ determines whether the claimant can perform certain broadly defined categories of work, such as "light" or "sedentary." The regulations define light work to require "a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567. On the other hand, sedentary work primarily involves sitting, and "walking and standing are required occasionally." *Id.*; *see also* SSR 83-10 at *6 ("[A]t the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally

> with the ability to lift and carry 20 pounds occasionally and 10 pounds frequently; to stand and walk for 4 hours in and 8-hour day; and to sit for 6 hours in an 8-hour day. The claimant requires a sit/stand option in 30-minute intervals. He can occasionally climb stairs, balance, stoop to knee level, and kneel; he can never crouch, crawl, or climb ladders, ropes, or scaffolds; he cannot use foot controls with the left foot; and he should avoid machinery and heights.

AR 19.

total approximately 6 hours of an 8-hour workday."). In determining a claimant's RFC, an ALJ is responsible for "determining credibility, resolving conflicts in medical testimony, and . . . resolving ambiguities." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In making these determinations, an ALJ must account for all of a claimant's limitations. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

In support of his finding that claimant could stand for four hours, the ALJ cited and assigned partial weight to the opinions of Doctors Lin, Weddington, and Wang, all of which specified that claimant "could not stand, walk, bend or stoop more than 4 hours per day." *See* AR 23. The ALJ deviated from these opinions primarily in his finding that claimant was more restricted in his ability to lift and carry than the doctors had opined. AR 23. While the ALJ assigned "great weight" to the opinions of state agency medical consultants—which stated that claimant could stand and walk for six hours per workday—he assigned greater weight to the opinions of claimant's treating physicians, which stated that claimant would experience issues with prolonged periods of standing and walking. AR 23. Ultimately, the ALJ found that claimant could stand and walk for four hours per workday, with "a sit-stand option in 30 minute intervals." AR 24.

Generally, the Ninth Circuit treats sit-stand options as permitting a claimant to sit or stand at will. *See, e.g.*, *Buckneer-Larkin v. Astrue*, 450 F. App'x 626, 627 (9th Cir. 2011) ("Her RFC also included a sit-stand option, which is most reasonably interpreted as sitting or standing 'at-will,' based on the record."); *Perez v. Astrue*, 250 F. App'x 774, 776 (9th Cir. 2007) ("The need to sit and stand at will is incompatible with the ability to either sit or stand for six hours in an eight-hour workday."). Here, on the other hand, the ALJ clarified that the option needed only to occur in 30-minute intervals, as opposed to a fully at-will option that places no limitations on the amount of time that a claimant could choose to sit or stand. Therefore, the sit-stand option included in claimant's RFC did not contradict the ALJ's findings that claimant could stand and walk for four hours per workday.

Additionally, even if the court were to accept claimant's characterization that his RFC was

"less than light," this would not necessarily result in a finding that the ALJ erred in his determination that claimant could perform light work. *See* ECF No. 18 at 7. Rather, "when a claimant falls between [a light and sedentary] grid, consultation with a VE is appropriate." *Moore v. Apfel*, 216 F.3d 864, 870 (9th Cir. 2000). Hence, even accepting claimant's argument that his RFC was borderline, the ALJ took the appropriate step of consulting with VE Dettmer about claimant's ability to perform past relevant work based on this borderline RFC. *See* AR 124-135. VE Dettmer testified that, even with the sit-stand option presented to him, claimant was capable of performing light work that may require four hours of standing. *See* AR 124, 131. Additionally, claimant's argument that the sit-stand option rendered the RFC reversibly vague finds no support in case law or the record. *Goldman v. Berryhill*, No. 2:17-CV-2450-DB, 2019 WL 498996, at *6 (E.D. Cal. Feb. 8, 2019) (noting that the sit-stand option "is a permissible method for performing an identified job that has long been recognized by the courts"). Rather, the record supports that all parties understood this limitation, including VE Dettmer. *See* AR 131. Hence, the ALJ did not err by concluding that claimant could perform light work and stand and walk for four hours, despite the need for a sit-stand option in 30-minute intervals.

**B. Past Relevant Work**

Claimant argues that the ALJ erred by finding that he had past relevant work as a parts and order store clerk. *See* ECF No. 18 at 13-19. In particular, claimant argues that the ALJ mischaracterized VE Dettmer's testimony and Mr. Schilling's report, *id.* at 13-15, and that the ALJ misapplied the criteria for determining past relevant work, *see id.* at 15-19.

At step four, claimant bears the burden of establishing that he is unable to perform both "past relevant specific jobs (specific PRW)" and "past relevant kind of work (general PRW)." SSR 82-61; *see also* 20 C.F.R. § 404.1520(e). In determining whether a claimant can perform past relevant work, an ALJ may properly rely upon the testimony of a vocational expert. 20 C.F.R. § 404.1560(b)(2). The vocational expert "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." *Id.*

The ALJ cited the opinions of VE Dettmer and Mr. Schilling in support of his step-four finding. In his decision, the ALJ noted that "both [Dettmer and Schilling] recognized that a parts order and stock clerk was an accurate portrayal of the claimant's past work." AR 24. However, in his letter, Mr. Schilling opined that "while [claimant's] occupation does not exist in the [Dictionary of Occupational Titles ('DOT')], a more accurate occupational title for [claimant's] past relevant work is Parts Order and Stock Clerk." AR 769. Mr. Schilling further noted that this occupation is "a close match to [claimant's] past relevant work, but [was] not actually his occupation." AR 770. Therefore, claimant is correct that Mr. Schilling did not conclude that claimant had past relevant work as a parts order and stock clerk; Mr. Schilling's precise conclusion was that "parts order and stock clerk" was a *more* accurate portrayal of claimant's past work than other options available in the DOT. Still, this slight inaccuracy in the ALJ's description of Mr. Schilling's opinion does not rise to the level of reversible error so long as substantial evidence still supported the ALJ's finding.

The ALJ's finding that claimant had past relevant work as a parts order and stock clerk—and that he could perform this work as generally required in the national economy—was substantially supported by VE Dettmer's testimony. *See Lingenfelter*, 504 F.3d at 1035. At the April 2019 hearing, VE Dettmer testified that claimant's past relevant work fit within the DOT's description of this occupation. AR 135. VE Dettmer further testified that claimant could no longer perform this type of work as he had in the past, but that he could perform it as generally performed. AR 124, 131. Hence, the ALJ did not err in citing VE Dettmer's testimony as evidence in support of his finding that claimant performed this past relevant work. AR 24. Claimant's argument that this occupation was not claimant's past occupation, but rather was a close approximation of it, does not overcome the substantial evidence in support of the ALJ's findings. Since the ALJ's findings—that claimant performed past relevant work as a parts and order store clerk and that he could perform this kind of work based on his RFC—were supported by substantial evidence and the ALJ applied correct legal standards, the ALJ did not err.

### IV. CONCLUSION AND ORDER

For the reasons stated in this opinion, the court affirms the decision of the Commissioner

of Social Security.  The court hereby orders that:

        1.       claimant's motion for summary judgment, ECF No. 18, be denied;

        2.       the Commissioner's cross-motion for summary judgment, ECF No. 20, be granted;

        3.       the decision of the Commissioner of Social Security be affirmed; and

        4.       the clerk of this court enter judgment in favor of defendant Commissioner of Social Security and against claimant, Russell Strickland, and close this case.

IT IS SO ORDERED.

Dated:    May 6, 2021

JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE